THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NICHOLAS FINO, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NICHOLAS MAURO, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RALPH VELOCCI, Appellant.

Fourth Department, February 15, 1968.

*Peter L. Parrino* for Nicholas Fino, appellant.

*Herald P. Fahringer* for Nicholas Mauro, appellant.

*Eugene W. Salisbury* for Ralph Velocci, appellant.

*Michael F. Dillon, District Attorney* (*Barbara M. Sims* of counsel), for respondent.

*Per Curiam.* In 1966 appellants were convicted of violations of sections 986-b (possession of book-making records) and 812 (attempt to destroy evidence) of the Penal Law. The trial proof to a large extent was based on material seized pursuant to a search warrant. A pretrial motion to suppress was denied. This warrant was founded principally on certain telephone conversations intercepted pursuant to an order of July 9, 1964 made by a Justice of the Supreme Court.

Upon the trial defendants were denied the right to examine the intercept order and the affidavits upon which it was based. We remanded for a hearing (27 A D 2d 689) and determination of the validity of the order in the light of *People* v. *McCall* (17 N Y 2d 152). Following such hearing the trial court held the order to be valid but in so doing refused to consider the impact thereon of *Berger* v. *New York* (388 U. S. 41).

Section 813-a of the Code of Criminal Procedure (as of 1964) mandated that the oath or affirmation seeking an ex parte order for eavesdropping, among other requirements, must describe " the person or persons whose communications, conversations or discussions are to be overheard or recorded and the purpose thereof." (See, also, N. Y. Const., art. I, § 12.) Neither the heretofore described order of July 9, 1964 nor the affidavit upon which it was made contains any such descriptions. The order, following the language in the affidavit, authorized the interception for two months of " all telephonic communications transmitted over " the described telephone listed to one Wulf.

In commenting on this statutory language the court in *Berger* (*supra,* p. 59) stated that " It is true that the statute requires the naming of ' the person or persons whose communications, conversations or discussions are to be overheard or recorded * * *.' But this does no more than identify the person whose constitutionally protected area is to be invaded rather than ' particularly describing ' the communications, conversations, or discussions to be seized."

Thereafter, *Berger* (*supra*) was considered in *People* v. *Kaiser* (21 N Y 2d 86). Therein, so far as here material, it was held (p. 103) " that, in addition to a showing of probable cause, an order issued under the statute must particularize to the extent possible the exact nature of the conversations sought ". In affirming the judgment of conviction the court sustained the validity of the intercept order when considered with the proof before the Judge who made the order.

But the record before us makes this case clearly distinguishable. In *Kaiser* (*supra*) the order specifically named two individuals whose conversations might be intercepted and recorded.

Moreover, the proof before the issuing Judge clearly established that there was probable cause to believe that a crime was being committed and that the individuals named in the order — the interception of whose conversations was authorized — were probable participants therein. Here, however, the affidavit merely supplies information from which it could be inferred that the described telephone was being used for the purpose of placing bets on horse races. The order was a '' roving commission '' authorizing the police for a period of two months to intercept and overhear (without limitation as to persons or purposes) all conversations transmitted over the described telephone. · We conclude that the affidavit and order were fatally defective. (Cf. *Matter of Sarisohn*, 21 N Y 2d 36, 42–43.)

It follows that the search warrant was similarly defective. The proof upon which it was issued consisted mainly of quoted telephone conversations obtained as a result of the intercept order of July 9, 1964. When this proof is cast aside as '' fruit of the poisonous tree '' (cf. *Costello* v. *United States*, 365 U. S. 265, 280) the remaining allegations of the affidavits are insufficient to support the warrant and the motion to suppress should have been granted.

The judgments should be reversed and the indictment dismissed.

BASTOW, J. P., GOLDMAN, HENRY, DEL VECCHIO and MARSH, JJ., concur.

Judgments unanimously reversed on the law and facts and indictment dismissed.